UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DUSTIN HANKINSON,

    Plaintiff,

v.       CAUSE NO. 3:21-CV-70 DRL-MGG

MEGAN HENSLEY *et al.*,

    Defendants.

OPINION AND ORDER

Dustin Hankinson, a prisoner without a lawyer, filed a complaint against four defendants. ECF 1. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

In his complaint, Mr. Hankinson asserts that, on September 6, 2020, Sergeants Megan Hensley and Larry McDonald stripped his cell of all of his property, including his soap, toilet paper, hygiene products, eating utensils, mattress, bedding, medication, mail, and clothing for allegedly breaking his window. ECF 1 at 3. He states that, because all of his property was taken, he was left in his cell for fourteen days with only his boxer shorts. *Id*. Mr. Hankinson states that, after his cell was stripped of his items, he was unable to

take his blood pressure medication, it took him six days to get toilet paper, and he never received any soap. *Id*. He asserts that these actions caused him pain and suffering; and, as a result, he utilized the grievance system to try to resolve the problem. *Id*. at 3-4. According to Mr. Hankinson, Sergeants Hensley and McDonald violated his Eighth Amendment rights because they would not return his items to him while he was on strip search status. *Id*. at 4.

In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). However, "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and inmates cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012) ("Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment."). Giving Mr. Hankinson the favorable inferences to which he is entitled at this stage, he states a plausible Eighth Amendment conditions of confinement claim against Sergeants Hensley and McDonald for refusing to give him clothing,

2

bedding, hygiene materials, and sanitation while he was on strip cell status for fourteen days beginning on September 6, 2020.[1]

Mr. Hankinson has also sued Sergeant Terry Bean and Sergeant Shane London. ECF 1 at 2. A § 1983 suit requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). However, Mr. Hankinson has not alleged that Sergeants Bean and London were personally involved in the September 6, 2020, incident. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("public employees are responsible for their own misdeeds but not for anyone else's."). Thus, Mr. Hankinson cannot proceed against these two defendants.

For these reasons, the court:

(1) GRANTS Dustin Hankinson leave to proceed against Sergeant Megan Hensley and Sergeant Larry McDonald in their individual capacities for compensatory and punitive damages, for refusing to give him clothing, bedding, hygiene materials, and sanitation while he was on strip cell status for fourteen days beginning on September 6, 2020, in violation of the Eighth Amendment;

(2) DISMISSES Sergeant Terry Bean and Sergeant Shane London;

(3) DISMISSES all other claims;

---

[1] To the extent Mr. Hankinson asserts that Sergeants Hensley and McDonald failed to follow Indiana Department of Correction policy when they removed his property from his cell, the failure to follow policy is not a constitutional violation. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Thus, he cannot proceed on this claim.

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Megan Hensley and Sergeant Larry McDonald at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant if they do not waive service, if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Sergeant Megan Hensley and Sergeant Larry McDonald respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 27, 2021 *s/ Damon R. Leichty*
Judge, United States District Court