UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DUSTIN HANKINSON,<br><br>        Plaintiff,<br><br>      v.<br><br>MEGAN HENSLEY *et al.*,<br><br>        Defendants. | CAUSE NO. 3:21-CV-70-DRL |

OPINION AND ORDER

Dustin Hankinson, a prisoner without a lawyer, is proceeding in this case "against Sergeant Megan Hensley and Sergeant Larry McDonald in their individual capacities for compensatory and punitive damages, for refusing to give him clothing, bedding, hygiene materials, and sanitation while he was on strip cell status for fourteen days beginning on September 6, 2020, in violation of the Eighth Amendment[.]" ECF 9 at 3. Sgt. Hensley and Sgt. McDonald filed a motion for summary judgment, arguing they did not violate Mr. Hankinson's Eighth Amendment rights. ECF 33. Mr. Hankinson filed a response, and the defendants filed a reply. ECF 40, 42. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact

exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Id.* Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). In other words, a plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Haywood v. Hathaway*, 842 F.3d 1026, 1031 (7th Cir. 2016) (quotation marks omitted).

Sgt. Hensley tendered an affidavit on the following facts. As part of Sgt. Hensley's duties at Miami Correctional Facility, she is called to assist with restraint and removal of inmates from their cells. ECF 33-3 at 2. On September 6, 2020, Mr. Hankinson was complaining that his toilet was broken in his cell in the "B" unit. *Id.* It was reported to Sgt. Hensley that Mr. Hankinson had broken two windows of his cell. *Id.* Due to the broken windows, Mr. Hankinson was put on strip cell status, which meant his belongings would be removed from his cell for 24 hours. *Id.* Sgt. Hensley and Sgt. McDonald were called to Mr. Hankinson's cell to restrain him so his belongings could be removed from his cell. *Id.* at 3. While Mr. Hankinson was being restrained, he refused to give the cuffs back to Sgt. Hensley and grabbed at her. *Id.* Due to Mr. Hankinson's conduct in breaking the window and grabbing at Sgt. Hensley, he was moved into a segregation cell in the "A" unit. *Id.* Sgt. Hensley and Sgt. McDonald escorted Mr. Hankinson to his new cell in the "A" unit. *Id.* Sgt. Hensley's only duties with regard to the September 6, 2020, cell strip were to restrain Mr. Hankinson and escort him to his new cell. *Id.* She does not recall that either she or Sgt. McDonald collected Mr. Hankinson's property from his old cell prior to escorting him to his new cell. *Id.* Moreover, she does not recall being asked to take property to Mr. Hankinson after he was moved to his new cell in the "A" unit. *Id.* Typically, it would be the responsibility of the housing unit staff, not the yard staff, to transfer an inmate's property to his new cell. *Id.* Sgt. Hensley does not recall having any

further interaction with Mr. Hankinson after escorting him to his new cell in the "A" unit. *Id.* at 4.

In his response, Mr. Hankinson asserts he went 14 days without his property after being transferred to the "A" unit, and that Sgt. Hensley and Sgt. McDonald were responsible for making sure he received his property. ECF 40-1 at 1-2. However, Mr. Hankinson provides only his own speculation that Sgt. Hensley and Sgt. McDonald were responsible for transferring his property to his new cell, which is insufficient to survive summary judgment. *See Trade Fin. Partners, LLC*, 573 F.3d at 407 ("inferences relying on mere speculation or conjecture will not suffice"). Specifically, Mr. Hankinson conceded in his deposition he did not witness Sgt. Hensley or Sgt. McDonald take his property, and that he had not communicated with either defendant since the night of the cell strip. ECF 33-2 at 28-30. Mr. Hankinson provides no evidence refuting Sgt. Hensley's attestations that (1) her and Sgt. McDonald's only duties during the cell strip were to restrain Mr. Hankinson and escort him to his new cell, and (2) it was the responsibility of the housing unit staff to transfer his property to his new cell. Thus, because there is no evidence Sgt. Hensley or Sgt. McDonald were involved in or responsible for transferring Mr. Hankinson's property to his new cell, no reasonable jury could conclude they acted with deliberate indifference to Mr. Hankinson's health or safety by denying him his property. Summary judgment is warranted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 33);

(2) DENIES Mr. Hankinson's motion to deny summary judgment (ECF 40); and

4

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Dustin Hankinson and to close this case.

SO ORDERED.

January 30, 2023

*s/ Damon R. Leichty*
Judge, United States District Court